# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

MORGAN TREADWAY,

    Plaintiff,

v.                                                                                   CIVIL ACTION NO. 5:19-cv-00776

RALEIGH COUNTY BOARD
OF EDUCATION,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

Pending is Plaintiff's motion to remand with just costs and expenses [Doc. 9].[1] Plaintiff filed the action in the Circuit Court of Raleigh County on September 20, 2019 [Doc. 1-1]. On October 25, 2019, Defendant removed the action on the basis of federal question jurisdiction under 28 U.S.C. § 1331 [Doc. 1]. Plaintiff thereafter filed a motion to remand with just costs and expenses [Doc. 9]. At issue is whether the action arises under the Constitution, laws, or treaties of the United States.

Plaintiff's Complaint alleges that Defendant violated her rights under the West Virginia Constitution and the United States Constitution [Doc. 1-1 at ¶¶ 18-19]. The Complaint avers that it is "specifically . . . not filed pursuant to 42 U.S.C. § 1983 or any related federal statute" [*Id.* at ¶ 17] and disavows "any federal cause of action to warrant the removal of this case to federal

---

[1] Also pending is Defendant's motion to dismiss [Doc. 6]. But "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owen-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 at n.4 (4th Cir. 1999) (quoting 2 James Wm. Moore et al, *Moore's Federal Practice* § 12.30[1] (3d ed. 1998)).

court" [*Id.* at ¶ 21]. Rather, the Complaint alleges "a state constitutional tort action against Defendant . . . pursuant to the common law of West Virginia" [*Id.* at ¶ 17].

Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." An action arises under the laws of the United States if a federal question appears on the face of a well pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* It is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

Instead, the first step in examining a complaint "is to discern whether federal or state law creates the cause of action." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994)). Even if the cause of action is not created by federal law, federal jurisdiction may arise if the plaintiff's "right to relief necessarily depends on a resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims.'" *Pinney*, 402 F.3d at 442 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (internal quotation marks and citation omitted)).

Neither inquiry gives rise to federal jurisdiction in this case. First, federal law does not create the cause of action in question. The Complaint alleges a state constitutional tort and specifically disavows any federal cause of action [Doc. 1-1 at ¶ 17]. Second, Plaintiff's right to relief does not "necessarily depend[] on a resolution of a substantial question of federal law." *Id.* (internal citation omitted). The Complaint alleges violations of both the West Virginia Constitution

and the United States Constitution. The Complaint does not necessarily depend on a resolution of a substantial question of federal law.

Defendant contends that removal is proper because Plaintiff "assert[s] arguments which would only apply if she was asserting violations of federal law" [Doc. 1 at ¶ 5]. The Complaint asserts that, by claiming violations of the United States Constitution, the West Virginia Governmental Claims and Insurance Reform Act are inapplicable [Doc. 1-1 at ¶ 22]. Plaintiff's argument regarding the application of a state law defense does not bear on whether the action arises under federal law pursuant to 28 U.S.C. § 1331. *See* Memorandum Opinion and Order, *Taylor v. Kanawha Cty Bd. Of Educ., et al*, No. 2:05-cv-00877 at 4 (S.D.W. Va. Dec. 19, 2005) ("It is little more than an assertion by the Plaintiffs of how they believe a state statute applies or will apply to their case."). Accordingly, the Court finds that it lacks jurisdiction over the action.

Plaintiff's motion to remand seeks costs and expenses incurred as a result of the removal [Doc. 10 at 6–7]. "An order remanding the case may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court finds that attorney's fees are unwarranted in this instance. The Complaint alleges numerous violations of the United States Constitution [Doc. 1-1 at ¶ 19] and preemptively argues that those violations preclude the applicability of a state law defense [*Id.* at ¶ 22]. The cases cited by Plaintiff in support of remand are persuasive authority and do not render Defendant's removal effort objectively unreasonable. Indeed, in one of those cases, Judge Copenhaver deemed a substantially similar Complaint "a bit of an enigma." Memorandum Opinion and Order, *Lilly v.*

*Town of Clendenin, et al.*, No. 2:05-cv-00303 at 7, 11 (S.D.W. Va. 2005) ("The court declines to award fees and costs. Plaintiff's ambiguous pleading provoked the removal."). In this instance, the Court finds that Defendant did not lack an objectively reasonable basis for removal.

Accordingly, the Court **ORDERS** that Plaintiff's motion to remand with just fees and costs **[Doc. 9]** be **GRANTED** in part insofar as remand is sought and **DENIED** as to the residue. The Court further **ORDERS** that Defendant's motion to dismiss **[Doc. 6]** and Plaintiff's motion to stay **[Doc. 8]** be **DENIED AS MOOT**. The Court **REMANDS** this action to the Circuit Court of Raleigh County for further proceedings.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to all counsel of record and any unrepresented party and a certified copy to the Clerk of the Circuit Court of Raleigh County.

ENTERED: December 9, 2019

Frank W. Volk
United States District Judge